Lewis E. Hudnell, III (CASBN 218736)
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.7720
Facsimile: 347.772.3034
lewis@hudnelllaw.com

Attorneys for Defendant
RPost US, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DIGITAL VERIFICATION SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>RPOST US, INC., et al.<br><br>Defendant. | Case No. 2:22-cv-1354-MCS<br><br>**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Defendant RPost US, Inc. ("RPost") answers the allegations in the numbered paragraphs in Plaintiff's Complaint for Patent Infringement. Unless expressly admitted, all of the averments made by Plaintiff in its Complaint should be deemed denied by RPost.

## NATURE OF THE CASE

1. RPost admits that this action is purportedly an action for patent infringement and that Plaintiff purports to seek injunctive relief as well as damages.

2. RPost admits that Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

3. RPost lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies them.

4. RPost admits the allegations in Paragraph 4 of the Complaint.

5. RPost admits that it does business in this District. RPost does not contest personal jurisdiction in this action. RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 5 of the Complaint.

6. RPost admits the allegations in Paragraph 6 of the Complaint.

## VENUE

7. RPost admits that it has a regular and established place of business in this District. RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 7 of the Complaint.

## COUNT I

**Alleged Infringement of U.S. Patent No. 9,054, 860 ("the '860 patent")**

8. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 7 of the Complaint as if fully set forth in this Count.

9. RPost admits that this action purport to arise under the patent laws of the United States and under 35 U.S.C. §§ 271, et seq.

10. RPost lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies them.

11. RPost admits that a copy of what purports to be the '860 Patent, titled "Digital Verified Identification System and Method," is attached to the Complaint as Exhibit A.

12. Paragraph 12 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all and/or legal conclusions contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all and/or legal conclusions contained in Paragraph 13 of the Complaint.

14. RPost admits that Paragraph 14 of the Complaint depicts what purports to be screenshots of RPost's RSign product and services ("RSign"). Paragraph 14 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 14 of the Complaint.

15. RPost admits that Paragraph 15 of the Complaint depicts what purports to be screenshots of RSign. Paragraph 15 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 15 of the Complaint.

16. RPost admits that Paragraph 16 of the Complaint depicts what purports to be screenshots of RSign. Paragraph 16 of the Complaint contains conclusions of law, rather than averments of

fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 16 of the Complaint.

17. RPost admits that Paragraph 17 of the Complaint depicts what purports to be screenshots of RSign. Paragraph 17 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 17 of the Complaint.

18. RPost admits that Paragraph 18 of the Complaint depicts what purports to be screenshots of RSign. Paragraph 18 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 18 of the Complaint.

19. RPost admits that Paragraph 19 of the Complaint depicts what purports to be screenshots of RSign. Paragraph 19 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 21 of the Complaint.

22. RPost lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

## ANSWER TO PRAYER

RPost denies that Plaintiff is entitled to the relief sought in Paragraphs a) – e) of its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, RPost requests a trial by jury of any issues raised by Plaintiff's Complaint that are so triable.

## AFFIRMATIVE DEFENSES

RPost alleges the following separate affirmative defenses to Plaintiff's Complaint and to each allegation contained the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint against RPost fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

RPost does not and has not infringed any valid and enforceable claim of the patent-in-suit either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

## THIRD DEFENSE

The claims of the patent-in-suit are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of unclean hands, waiver, estoppel, acquiescence, and/or implied license.

## FIFTH DEFENSE

Plaintiff's claim for damages, if any, is barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

### SIXTH DEFENSE

To the extent that Plaintiff and/or its licensees have not complied with the marking requirements of 35 U.S.C. § 287(a), Plaintiff is precluded from recovering damages for alleged infringement, if any, until the date that Plaintiff actually notified RPost of the alleged infringement.

### SEVENTH DEFENSE

Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### EIGHTH DEFENSE

Plaintiff cannot prove that this case is exceptional, justifying an award of attorneys' fee against RPost under 35 U.S.C. § 285. RPost has not engaged in any activity that would entitle Plaintiff to such fees.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of ensnarement.

### TENTH DEFENSE

Plaintiff's claim for relief are limited to the extent that any allegedly infringing products or components of those products are supplied, directly or indirectly, to RPost or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the '860 patent, and/or under the doctrines of exhaustion, first sale, license, implied license, full compensation, or restrictions against double recovery.

### ELEVENTH DEFENSE

To the extent that Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

### TWELFTH DEFENSE

Plaintiff is not entitled to an injunction because Plaintiff is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm because of RPost's conduct, and has an adequate remedy at law.

### THIRTEENTH DEFENSE

To the extent that Plaintiff lacks all substantive rights to bring suit and to exclude others from practicing the claims of one the '860 patent, Plaintiff's claims are barred by a lack of standing.

### RESERVATION OF DEFENSES

RPost reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any other related case.

### PRAYER FOR RELIEF

RPost prays for the following relief on their Answer to Plaintiff's Complaint:

1. That Plaintiff take nothing by its Complaint, and that it be dismissed with prejudice;

2. A declaration that this is an exceptional case and awarding RPost its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285;

3. RPost's costs of suit; and

4. Such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: June 6, 2022 | Respectfully submitted, |
| | */s/ Lewis E. Hudnell, III* |
| | Lewis E. Hudnell, III (CASBN 218736) |
| | HUDNELL LAW GROUP P.C. |
| | 800 W. El Camino Real Suite 180 |
| | Mountain View, California 94040 |
| | Telephone: 650.564.7720 |
| | Facsimile: 347.772.3034 |
| | lewis@hudnelllaw.com |
| | |
| | Attorneys for Defendant |
| | RPost US, Inc. |

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT
2:22-cv-1354-MCS