Lewis E. Hudnell, III (CASBN 218736)
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.7720
Facsimile: 347.772.3034
lewis@hudnelllaw.com

Attorneys for Defendant
RPost US, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>RPOST US, INC., et al.<br><br>Defendant. | Case No. 2:22-cv-1354-MCS<br><br>**FIRST AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant RPost US, Inc. ("RPost") answers the allegations in the numbered paragraphs in Plaintiff's Complaint for patent Infringement.  Unless expressly admitted, all of the averments made by Plaintiff in its Complaint should be deemed denied by RPost.

## NATURE OF THE CASE

1. RPost admits that this action is purportedly an action for patent infringement and that Plaintiff purports to seek injunctive relief as well as damages.

2. RPost admits that Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (patents).

3. RPost lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies them.

4. RPost admits the allegations in Paragraph 4 of the Complaint.

5. RPost admits that it does business in this District.  RPost does not contest personal jurisdiction in this action.  RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 5 of the Complaint.

6. RPost admits the allegations in Paragraph 6 of the Complaint.

## VENUE

7. RPost admits that it has a regular and established place of business in this District.  RPost denies any and all remaining allegations and/or legal conclusions contained in Paragraph 7 of the Complaint.

## COUNT I

**Alleged Infringement of U.S. patent No. 9,054, 860 ("the '860 patent")**

8. RPost repeats, realleges, and incorporates its answers to paragraphs 1 through 7 of the Complaint as if fully set forth in this Count.

9. RPost admits that this action purport to arise under the patent laws of the United States and under 35 U.S.C. §§ 271, et seq.

10. RPost lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies them.

11. RPost admits that a copy of what purports to be the '860 patent, titled "Digital Verified Identification System and Method," is attached to the Complaint as Exhibit A.

12. Paragraph 12 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all and/or legal conclusions contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all and/or legal conclusions contained in Paragraph 13 of the Complaint.

14. RPost admits that Paragraph 14 of the Complaint depicts what purports to be screenshots of RPost's RSign product and services ("RSign"). Paragraph 14 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 14 of the Complaint.

15. RPost admits that Paragraph 15 of the Complaint depicts what purports to be screenshots of RSign. Paragraph 15 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required. Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 15 of the Complaint.

16. RPost admits that Paragraph 16 of the Complaint depicts what purports to be screenshots of RSign. Paragraph 16 of the Complaint contains conclusions of law, rather than averments of

fact, to which no answer is required.  Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 16 of the Complaint.

17. RPost admits that Paragraph 17 of the Complaint depicts what purports to be screenshots of RSign.  Paragraph 17 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required.  Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 17 of the Complaint.

18. RPost admits that Paragraph 18 of the Complaint depicts what purports to be screenshots of RSign.  Paragraph 18 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required.  Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 18 of the Complaint.

19. RPost admits that Paragraph 19 of the Complaint depicts what purports to be screenshots of RSign.  Paragraph 19 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required.  Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required.  Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law, rather than averments of fact, to which no answer is required.  Insofar as an answer may be required, RPost denies any and all allegations and/or legal conclusions contained in Paragraph 21 of the Complaint.

22. RPost lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

**ANSWER TO PRAYER**

RPost denies that Plaintiff is entitled to the relief sought in Paragraphs a) – e) of its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, RPost requests a trial by jury of any issues raised by Plaintiff's Complaint that are so triable.

## AFFIRMATIVE DEFENSES

RPost alleges the following separate affirmative defenses to Plaintiff's Complaint and to each allegation contained the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint against RPost fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

RPost does not and has not infringed any valid and enforceable claim of the patent-in-suit either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

## THIRD DEFENSE

The claims of the patent-in-suit are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, §§ 101, 102, 103 and/or 112.

## FOURTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of unclean hands, waiver, estoppel, acquiescence, and/or implied license.

## FIFTH DEFENSE

Plaintiff's claim for damages, if any, is barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

**SIXTH DEFENSE**

To the extent that Plaintiff and/or its licensees have not complied with the marking requirements of 35 U.S.C. § 287(a), Plaintiff is precluded from recovering damages for alleged infringement, if any, until the date that Plaintiff actually notified RPost of the alleged infringement.

**SEVENTH DEFENSE**

Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**EIGHTH DEFENSE**

Plaintiff cannot prove that this case is exceptional, justifying an award of attorneys' fee against RPost under 35 U.S.C. § 285. RPost has not engaged in any activity that would entitle Plaintiff to such fees.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of ensnarement.

**TENTH DEFENSE**

Plaintiff's claim for relief are limited to the extent that any allegedly infringing products or components of those products are supplied, directly or indirectly, to RPost or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the '860 patent, and/or under the doctrines of exhaustion, first sale, license, implied license, full compensation, or restrictions against double recovery.

**ELEVENTH DEFENSE**

To the extent that Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

**TWELFTH DEFENSE**

Plaintiff is not entitled to an injunction because Plaintiff is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm because of RPost's conduct, and has an adequate remedy at law.

### THIRTEENTH DEFENSE

To the extent that Plaintiff lacks all substantive rights to bring suit and to exclude others from practicing the claims of one the '860 patent, Plaintiff's claims are barred by a lack of standing.

### RESERVATION OF DEFENSES

RPost reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent Laws of the United States and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any other related case.

### RPOST'S COUNTERCLAIMS

Under Federal Rule of Civil Procedure 13, Counterclaim-Plaintiff RPost US, Inc. ("RPost") for its counterclaims against Counterclaim-Defendant Digital Verification Systems, states as follows:

### THE PARTIES

1. RPost is a Delaware corporation with its principal place of business at 6033 W Century Blvd., Ste. 1278, Los Angeles, CA, 90045.

2. Based on Paragraph 3 of the Complaint, Digital Verification Systems, LLC ("DVS") is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33301.

### JURISDICTION AND VENUE

3. These Counterclaims arise under the United States Patent Act, 35 U.S.C. §1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

4. In Paragraph 10 of the Complaint, DVS contends that it is the owner of all rights, title, and interest in and to U.S. Pat. No. 9,054,860 (the "'860 patent") (the "Asserted Patent").

5. Through its Complaint, DVS charges RPost with infringement of one or more claims of the Asserted patent. Thus, DVS has submitted itself to the jurisdiction of this Court, has created an actual case or controversy between the parties, and has asserted that venue is proper in this Court.

6. This Court has personal jurisdiction over DVS due at least to its submission to the jurisdiction of this Court through the filing of its Complaint against RPost.

7. Venue is proper in this Court with respect to the following Counterclaims under 28 U.S.C. § 1391 and/or 1400(b), at least because DVS filed its Complaint against RPost in this District.

## COUNT I

**Declaratory Judgment Of Non-Infringement Of The '860 Patent**

8. RPost incorporates by reference Paragraphs 1-7 of these Counterclaims together with the answers to Paragraphs 1-22 of DVS's Complaint for patent Infringement.

9. On February 28, 2022, DVS filed a Complaint naming RPost as defendant.

10. DVS's Complaint alleges that DVS owns the '860 patent and holds the rights to sue and recover damages for infringement thereof, and further accuses RPost of infringing the '860 patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

11.     RPost denies that it has infringed or is infringing any valid and enforceable claim of the '860 patent whether directly, indirectly, literally or under the doctrine of equivalents, jointly, willfully, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products, or by the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to certain products, or any other acts. RPost further denies that the accused RPost products and services lack substantial non-infringing uses to the '860 patent.

12.     The accused RPost products and services do not infringe, and have not infringed, any claims of the '860 patent at least because, for example, none of the accused RPost products and services meet or embody the limitations of an "at least one digital identification module structured to be associated with at least one entity," "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module," "at least one digital identification module being disposable within at least one electronic file," and "at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by exemplary asserted claim 1 of the '860 patent.

13.     Alternatively, the accused RPost products and services do not infringe, and have not infringed, any claims of the '860 patent at least because, for example, the accused RPost products and services meet or embody the limitations of U.S. patent No. 7,660,989, which is invalidating prior art to the '860 patent as alleged in Count II.

14. Accordingly, a valid and justiciable controversy has arisen and exists between RPost and DVS regarding DVS's allegations of infringement of the '860 patent.

15. Under 28 U.S.C. §§ 2201 and 2202, RPost is entitled to a declaratory judgment that RPost has not infringed, and currently does not infringe, any valid and enforceable claim of the '860 patent whether directly, indirectly, literally or under the doctrine of equivalents, jointly, willfully, or in any other manner.

## COUNT II

### Declaratory Judgment Of Invalidity Of The '860 Patent

16. RPost incorporates by reference Paragraphs 1-15 of these Counterclaims together with the answers to Paragraphs 1-22 of DVS's Complaint for patent Infringement.

17. On February 28, 2022, DVS filed a Complaint naming RPost as defendant.

18. DVS's Complaint alleges that DVS owns the '860 patent and holds the rights to sue and recover damages for infringement thereof, and further accuses RPost of infringing the '860 patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

19. One or more claims of the '860 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120. A judicial declaration that one or more of the claims of the '860 patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that RPost can ascertain its rights and duties with respect to the '860 patent. RPost has no adequate remedy at law.

20. In particular, the claims of the '860 patent are directed to unpatentable subject matter and are thus invalid under 35 U.S.C. § 101 at least because they are directed to abstract ideas of gathering and processing information, i.e., the abstract idea of authenticating the identification of an entity associated with an electronic file.

21. Additionally, the claims of the '860 patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 in light of conventional authentication techniques and the prior art that was publicly available prior to the earliest priority date that the '860 patent is entitled to.

22. For example, in addition to the admitted prior art disclosed by the specification of the '860 patent, U.S. Patent No. 7,660,989 ("the '989 patent"), which is assigned to RPost's parent company, teaches each limitation of claim 1 of the '860 patent. The '989 patent discloses a digital verified identification system. *See, e.g.*, '989 patent at 7:16-31 ("A server provides a message from a sender to a recipient and an attachment including the sender's identity, the recipient's identity and address, and the time of transmission from the server to the recipient. Upon reception, the recipient transmits to the server the information sent to the recipient from the server. To authenticate the message and the transmission to the recipient, the server produces digital signatures (hashed encryption) of the message and the attachment. The server then produces digital fingerprints of the digital signatures and digital fingerprints (hashed) of the message and the attachment. The server provides the authentication to the sender when the two (2) digital fingerprints relating to the message are identical and when the two (2) digital fingerprints relating to the attachment are identical. The authentication may also be provided to the recipient third parties associated with the recipient."). The '989 patent discloses at least one digital identification module structured to be associated with at least one entity. *See, e.g.*, '989 patent at claim 36 ("In a method of transmitting a message and an attachment from a sender to a

FIRST AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS
2:22-cv-1354-MCS

11

recipient through a server displaced from the recipient, including the steps of: identifying the sender; hashing the attachments; stripping the message of the attachments; hashing the identification of the sender …"). The '989 patent discloses a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module. *See id.* ("In a method of transmitting a message and an attachment from a sender to a recipient through a server displaced from the recipient, including the steps of: identifying the sender; hashing the attachments; stripping the message of the attachments; hashing the identification of the sender, the hashed attachments and the message to form a hashed string; hashing the hashed string; encrypting the hashed string after the hashing of the hashed string; and digitally sealing the encrypted hash of the hashed string by attaching the encrypted hash of the hashed string to an HTML file containing instruction on how to authenticate the message and attaching the HTML file including the encrypted hash of the hashed string to the message and concealing the encrypted hash of the hashed string in the HTML file."). The '989 patent discloses said at least one digital identification module being disposable within at least one electronic file. *See id.* ("digitally sealing the encrypted hash of the hashed string by attaching the encrypted hash of the hashed string to an HTML file.") The '989 patent discloses said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity. *See id.* ("hashing the attachments; stripping the message of the attachments; hashing the identification of the sender, the hashed attachments and the message to form a hashed string; hashing the hashed string; encrypting the hashed string after the hashing of the hashed string; and digitally sealing the encrypted hash of the hashed string by attaching the encrypted hash of the hashed string to an HTML file"). The '989 patent discloses wherein said at least one

digital identification module is cooperatively structured to be embedded within only a single electronic file. *See id.* ("digitally sealing the encrypted hash of the hashed string by attaching the encrypted hash of the hashed string to an HTML file containing instruction on how to authenticate the message and attaching the HTML file including the encrypted hash of the hashed string to the message and concealing the encrypted hash of the hashed string in the HTML file.").

23. Moreover, the claims of the '860 patent are invalid at least because they fail to meet the definiteness, enablement, and written description requirements of 35 U.S.C. § 112 because the claims fail to particularly point out and distinctly claim the subject matter that the inventors regarded as the invention, the specification fails to sufficiently inform those skilled in the relevant art how to make and use the purported invention, and also because the '860 patent, as a whole, fails to disclose adequate information to demonstrate that the inventors were in possession of the claimed invention.

24. Accordingly, a valid and justiciable controversy has arisen and exists between RPost and DVS regarding the validity of the '860 patent.

25. Under 28 U.S.C. §§ 2201 and 2202, RPost is entitled to a declaratory judgment that one or more claims of the '860 patent is invalid.

### DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, RPost requests a trial by jury of any issues raised by RPost's Counterclaims that are so triable.

### PRAYER FOR RELIEF

RPost prays for the following relief on its Answer to Plaintiff's Complaint and Counterclaims:

1. That Plaintiff take nothing by its Complaint, and that it be dismissed with prejudice;

2. Declaratory judgment that RPost has not infringed, directly or otherwise, any claim of the Asserted Patent;

3. Declaratory judgment that the claims of the Asserted Patent are invalid;

4. Judgment in favor of RPost against DVS;

5. A declaration that this is an exceptional case and awarding RPost its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285;

6. RPost's costs of suit; and

7. Awarding RPost such other and further relief as this Court deems just and proper.

Dated: June 27, 2022                                Respectfully submitted,

                                                    */s/ Lewis E. Hudnell, III*
                                                    Lewis E. Hudnell, III (CASBN 218736)
                                                    HUDNELL LAW GROUP P.C.
                                                    800 W. El Camino Real Suite 180
                                                    Mountain View, California 94040
                                                    Telephone: 650.564.7720
                                                    Facsimile: 347.772.3034
                                                    lewis@hudnelllaw.com

                                                    Attorneys for Defendant
                                                    RPost US, Inc.